# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R.G. HOSKIN, | Case No. CV 15-07101 DSF (AFM) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| LORETTA E. LYNCH, | |
| Respondent. | |

On September 9, 2015, petitioner, a federal detainee, filed an action entitled "Breach of Contract." According to his pleading and attachments, petitioner appears to be challenging (1) a final order of removal from the United States and (2) his federal detention pursuant to that order. For the following reasons, the Court orders petitioner to show cause why his Complaint should not be dismissed without prejudice.

**I.     The Court lacks jurisdiction over the final order of removal.**

The Real ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310-311 (May 11, 2005), eliminated district courts' habeas corpus jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of removal and vested jurisdiction over

such orders exclusively in the circuit courts of appeals. *See, e.g., Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2006) ("[T]he Act makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal. To accomplish this streamlined judicial review, the Act eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal." (citation omitted)); *see also Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) ("The REAL ID Act . . . eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals.") Thus, to the extent petitioner seeks review of his final order of removal, only the Ninth Circuit Court of Appeals has jurisdiction to review that order.

**II.     Petitioner apparently did not exhaust his challenge to the bond determination.**

District courts retain habeas jurisdiction to hear legal challenges collateral to a final order of removal, such as a petitioner's challenge to his detention while his removal order is pending. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (*citing Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011)). To the extent petitioner seeks to challenge his federal custody pending removal, the Court does have jurisdiction over such a claim. However, petitioner does not appear to have exhausted his administrative remedies with respect to that claim.

According to his complaint and attachments, petitioner was arrested and detained on June 19, 2015. While detained at the Adelanto Detention Center, petitioner requested a change of his custody status pursuant to *Casas-Castrillon v. Dept. of Homeland Security*, 535 F.3d 942 (9th Cir. 2008). In *Casas-Castrillon*, the Ninth Circuit held that, when the government detains an alien pending removal, "a prolonged detention must be accompanied by appropriate procedural safeguards, including a hearing to establish whether releasing the alien would pose a danger to

the community or a flight risk." *Id.* at 944.  On August 26, 2015, an immigration judge denied petitioner's *Casas-Castrillon* request, citing lack of jurisdiction. Although the basis of the immigration judge's reasoning is unclear, it is possible that petitioner's request was denied because his detention had not been "prolonged." *See generally Diouf v. Napolitano*, 643 F.3d 1081, 1092 n.13 (9th Cir. 2011) ("As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months.").

After the immigration judge denied petitioner's *Casas-Castrillon* request, petitioner was required to exhaust his administrative remedies by filing an appeal with the Board of Immigration Appeals ("BIA"). *See Leonardo*, 646 F.3d at 1160; 8 C.F.R. § 1003.19(f).  The BIA had jurisdiction to review the immigration judge's ruling, even if the ruling was based on lack of jurisdiction. *See Resendiz v. Holder*, 2012 WL 5451162, at *4 (N.D. Cal. Nov. 12, 2012) (*citing* Board of Immigration Appeals Practice Manual Section 7.2(b)).  If petitioner was dissatisfied with the BIA's ruling, he could then file an action in a federal district court. *See Leonardo,* 646 F.3d at 1160.

But petitioner apparently did not file an administrative appeal with the BIA before filing his action in the district court. *See Leonardo*, 646 F.3d at 1160 ("Here, [petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA.  This short cut was improper.").  Accordingly, this claim is subject to dismissal without prejudice. *See id.*

**III.   Conclusion**

Petitioner is therefore **ORDERED TO SHOW CAUSE,** on or before September 28, 2015, why this action should not be dismissed for lack of jurisdiction.  To the extent petitioner seeks review of the immigration judge's bond determination, petitioner is directed to provide evidence that he has in fact

exhausted his administrative remedies or inform the Court of any legal authority to excuse the exhaustion requirement.

Instead of filing a response to the instant Order, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for petitioner's convenience.

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon petitioner at his address of record.

DATED: September 14, 2015

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: CV-09