# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R.G. HOSKIN, | Case No. CV 15-07101 DSF (AFM) |
| Petitioner, | |
| v. | **RENEWED ORDER TO SHOW CAUSE** |
| LORETTA E. LYNCH, | |
| Respondent. | |

On September 9, 2015, petitioner, a federal detainee, filed an action entitled "Breach of Contract." Based on the Court's review of petitioner's pleading and attachments, it appeared that he was challenging a final order of removal from the United States and his federal detention pursuant to that order.

On September 14, 2015, the Court issued an Order to Show Cause why petitioner's Complaint should not be dismissed without prejudice. Specifically, the Court advised petitioner that (1) the Court lacked jurisdiction over his final order of removal; and (2) he apparently did not exhaust his challenge to his detention pending removal.

On October 8, 2015, petitioner submitted a declaration with "additional documentation." In the declaration, petitioner appears to allege that no immigration judge held a hearing or issued an order of removal, and that the government acted

"fraudulently and erroneously" by detaining him as if an immigration judge had in fact conducted such a proceeding.  The additional documentation included documents from 2007 relating to petitioner's immigration and criminal cases, as well as a document from 2015 entitled "Warning to Alien Ordered Removed or Deported."

Petitioner's declaration and additional documentation are insufficient to discharge the Order to Show Cause.  To the extent petitioner is alleging he is being unlawfully detained because there was no hearing before an immigration judge and no final order of removal, the written record indicates otherwise.  The Warning to Alien Ordered Removed or Deported indicates petitioner was ordered removed from the United States.  (ECF No. 4 at 11.)  Moreover, attached to petitioner's original Complaint is a "Travel Notification" from June 2015, which states, "During a removal hearing in your case, an immigration judge found you removable and issued an order directing your removal from the United States.  A review of the immigration file in your case indicates that the removal order is final."  (ECF No. 1 at 6.)

To ensure the Court understands Petitioner's position on this issue, Petitioner will be afforded an additional opportunity to show cause why his Complaint should not be dismissed.  In his response, petitioner shall clearly state the grounds upon which he seeks habeas relief.  If petitioner is attempting to allege that he is being unlawfully detained without a final order of removal, he must clearly state that in his response.  And, if petitioner purports to raise such a claim, he must clearly explain why the Warning and the Travel Notification do not establish that he is subject to a final order of removal.  An unsupported allegation, such as the government is acting "fraudulently and erroneously," will be insufficient to meet that burden.

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE,** on or before November 9, 2015, why this action should not be dismissed without prejudice.

1  Instead of filing a response to the instant Order, petitioner may request a
2  voluntary dismissal of this action without prejudice pursuant to Federal Rule of
3  Civil Procedure 41(a). A Notice of Dismissal form is attached for petitioner's
4  convenience.

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon petitioner at his address of record.

DATED: 10/13/2015

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: CV-09